UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CARLA A. MCAFEE**, <br><br>Plaintiff, <br><br>v. <br><br>**GEORGE PHIFER, HURON CLINTON METROPOLITAN AUTHORITY**, <br><br>Defendants. | 2:19-CV-12956 <br><br>**ORDER DISMISSING COUNTS I, II, AND III WITH PREJUDICE AND DIRECTING THE PARTIES TO FILE A DISCOVERY PLAN** |

This matter is before the Court on an order to show cause. ECF No. 30. Plaintiff Carla A. McAfee's complaint raised four counts alleging sexual harassment and retaliation against Defendants George Phifer and his employer Huron Clinton Metropolitan Authority. ECF No. 1. Defendant Huron Clinton moved to dismiss Counts I and III without prejudice. ECF No. 11. Shortly after, Defendant Phifer moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). ECF No. 18.

The Court issued its order on the two motions on September 18, 2020. ECF No. 28. In it, the Court accepted Plaintiff's stipulation to dismiss Count II in its entirety and Count I as to Defendant Phifer. *Id.* at PageID.296. As to Counts I and III, the Court dismissed the claims without prejudice because Plaintiff failed to allege facts sufficient to show that she suffered from either a hostile work environment or quid pro quo

1

sexual harassment. *Id.* at PageID.296. Although Plaintiff alleged that she held subjective beliefs that Defendant Phifer was engaging in sexually discriminatory conduct rising to the level of a hostile work environment, her allegations did not satisfy the objective component as required by Sixth Circuit case law. *Id.* at PageID.318-19 (citing *Jordan v. City of Cleveland*, 464 F.3d 584, 598 (6th Cir. 2006)). As to her claims about quid pro quo sexual harassment, Plaintiff did not establish in her allegations that her employer's adverse actions against her resulted from her refusal to submit to Defendant Phifer's advances. *Id.* at PageID.321-22.

In its order, the Court directed Plaintiff to file a stipulated order dismissing Count II in its entirety and Count I as to Defendant Phifer. *Id.* at PageID.325. Plaintiff did so on September 29, 2020. ECF No. 29. Because Counts I and III were dismissed without prejudice, the Court also ordered Plaintiff to file a Motion for Leave to File an Amended Complaint, with an attached Amended Complaint, within thirty days. That was on September 18, 2020. Five months later, Plaintiff had still not sought leave to correct the deficiencies in the Complaint, so on February 8, 2021, the Court ordered Plaintiff to show cause as to why she had not complied. ECF No. 30. On February 15, 2021, Plaintiff filed a response to the Show Cause Order consisting of the statement: "Plaintiff has not provided additional factual information for filing an amended

2

complaint." ECF No. 31, PageID.329. In view of Plaintiff's acknowledgment that no additional facts are available that would address the deficiencies in the Complaint, Counts I and III of the Complaint are hereby **DISMISSED WITH PREJUDICE**.

Neither Defendant moved to dismiss Count IV of the Complaint, which remains before the Court. The parties are hereby **ORDERED** to file a Discovery Plan pursuant to Fed. R. Civ. Proc. 26(f) within ten (10) days of the date of this Order. Thereafter, the Court will conduct a Scheduling Conference.

**IT IS SO ORDERED.**

Dated: February 23, 2021    s/Terrence G. Berg
　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE